BROWNSTEIN HYATT FARBER SCHRECK, LLP
Barry B. Langberg, Bar No. 48158
BLangberg@bhfs.com
Mitchell J. Langberg, Bar No. 171912
MLangberg@bhfs.com
2049 Century Park East, Suite 3550
Los Angeles, CA  90067

Telephone:  310.500.4600
Facsimile:  310.500.4602

HANSON BRIDGETT LLP
LAWRENCE M. CIRELLI, SBN 114710
lcirelli@hansonbridgett.com
MEGAN OLIVER THOMPSON, SBN 256654
moliverthompson@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:      (415) 777-3200
Facsimile:       (415) 541-9366

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| STEPHEN WYNN AND WYNN RESORTS LIMITED,<br><br>         Plaintiffs,<br><br>    v.<br><br>JAMES CHANOS,<br><br>         Defendant. | Case No.<br><br>**COMPLAINT FOR SLANDER**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiffs Stephen A. Wynn ("Wynn") and Wynn Resorts Limited ("Wynn Resorts"), by and through their undersigned counsel of record, respectfully state their complaint for slander as follows:

### NATURE OF THE ACTION

  1. This action for slander is brought by Stephen A. Wynn and Wynn Resorts against James Chanos ("Chanos").  It arises from Chanos' false and defamatory statement concerning

1  purported violation of the Foreign Corrupt Practices Act by Wynn and Wynn Resorts.  Chanos is
2  a hedge fund manager focused on short selling of stock.  His statement concerning violation of
3  the Foreign Corrupt Practices Act by Wynn and Wynn Resorts is false, reckless, and defamatory.
4  This lawsuit is instituted to disprove Chanos' falsehoods concerning violation of the Foreign
5  Corrupt Practices Act, to set the record straight, and to recover damages for the serious harm
6  done.

**THE PARTIES**

8  2. Plaintiff Stephen A. Wynn is an individual and resident of the State of Nevada.
9  Wynn is the Chief Executive Officer and Chairman of the Board of Wynn Resorts.
10 3. Plaintiff Wynn Resorts is a Nevada corporation duly organized under the laws of
11 the State of Nevada.  Wynn Resorts stock is publically traded on the NASDAQ stock exchange.
12 4. Defendant James Chanos is an individual and resident of the State of New York.

**JURISDICTION AND VENUE**

14 5. Plaintiffs Wynn and Wynn Resorts are citizens of the State of Nevada for purposes
15 of diversity under 28 U.S.C. sec. 1332.
16 6. Defendant Chanos is a citizen of the State of New York for purposes of diversity
17 under 28 U.S.C. sec. 1332.
18 7. This Court has original subject matter jurisdiction with respect to this action
19 pursuant to 28 U.S.C. sec. 1332 as there exists complete diversity of citizenship between
20 Plaintiffs and Defendant and the amount in controversy exceeds $75,000, exclusive of interest
21 and costs.
22 8. The false and defamatory statement that is the subject matter of this action was
23 made by Defendant Chanos in Berkley, California.  Accordingly, this Court has personal
24 jurisdiction over Defendant.
25 9. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. sec. 1332.

**INTRADISTRICT ASSIGNMENT**

27 10. This action should be assigned to the San Francisco/Oakland Division of this
28 Court because a substantial part of the events which give rise to this action occurred in Alameda

County.

## FIRST CAUSE OF ACTION FOR SLANDER

11. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1-9 above.

12. On or about April 25, 2014, at Berkley, California, Chanos stated that Wynn and Wynn Resorts had violated the Foreign Corrupt Practices Act ("the Statement").

13. Chanos made the Statement to a private audience of several individuals who were attending an "invitation only" event at which Chanos was speaking.

14. The Statement is false. The Statement is defamatory per se in that it communicates the false message that Wynn and Wynn Resorts acted illegally and in contravention of criminal law by violating the Foreign Corrupt Practices Act.

15. The Statement tends to injure Wynn and Wynn Resorts in their business.

16. Plaintiffs are informed and believe and thereon allege that Defendant Chanos was familiar with the Foreign Corrupt Practices Act and its provisions and understood the defamatory implications of the Statement and he knew and intended that the Statement would be understood by those that heard it to mean that Wynn and Wynn Resorts had acted illegally.

17. Wynn and Wynn Resorts have been thoroughly investigated in a public manner on numerous occasions by entities such as the Nevada Gaming Control Board, the Massachusetts Gaming Commission, the Securities and Exchange Commission, and other government agencies.

18. At no time has any official agency suggested that there is any reliable evidence that plaintiffs, or either of them, have violated the Foreign Corrupt Practices Act.

19. Plaintiffs are informed and believe and thereon allege that Chanos disregarded and purposefully avoided reliable, readily available information that neither Wynn nor Wynn Resorts had violated the Foreign Corrupt practices Act.

20. At the time he made the Statement, Chanos had no reliable information whatsoever on which to base the false accusation that Wynn or Wynn Resorts had violated the Foreign Corrupt Practices Act.

21. Chanos fabricated the Statement and published it with reckless disregard for the truth.

22. As a direct and proximate result of the publication of the Statement, Wynn and Wynn Resorts have suffered injury to their reputations to their general damage in a substantial amount.

23. As a direct and proximate result of the publication of the Statement, Wynn has suffered emotional distress to his general damage in a substantial amount.

24. Plaintiffs are informed and believe and thereon allege that the conduct of Defendant as alleged herein was willful, wanton, and malicious and was done with conscious disregard for the rights of Plaintiffs. Accordingly, an award of punitive and exemplary damages is appropriate.

WHEREFOR, Plaintiffs, and each of them, pray for an award as follows:

1. Compensatory damages in an amount to be proven at the time of trial;

2. Punitive damages in an amount to be proven at the time of trial;

3. Costs of suit incurred by Plaintiffs in this matter; and

4. Such further and other relief as the Court might deem just and proper.

Dated: September 25, 2014
BROWNSTEIN HYATT FARBER SCHRECK, LLP
BARRY B. LANGBERG

By:/s/ Mitchell J. Langberg
MITCHELL J. LANGBERG
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 25, 2014

BROWNSTEIN HYATT FARBER SCHRECK, LLP
BARRY B. LANGBERG

By: /s/ Mitchell J. Langberg
MITCHELL J. LANGBERG
Attorneys for Plaintiff