ARNOLD & PORTER LLP
KENNETH G. HAUSMAN (No. 57252)
kenneth.hausman@aporter.com
DOUGLAS A. WINTHROP (No. 183532)
douglas.winthrop@aporter.com
JULIAN Y. WALDO (No. 277783)
julian.waldo@aporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:     415.471.3100
Facsimile:      415.471.3400

BOSTWICK LAW
GARY L. BOSTWICK (No. 79000)
gbostwick@B1law.com
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025
Telephone:     310.979.6059
Facsimile:      424.228.5975

Attorneys for Defendant
JAMES CHANOS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHEN WYNN and WYNN RESORTS LIMITED,<br><br>              Plaintiffs,<br><br>     v.<br><br>JAMES CHANOS,<br><br>              Defendant. | Case No.: CV 14-4329 WHO<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT JAMES CHANOS'S SPECIAL MOTION TO STRIKE PLAINTIFFS' COMPLAINT AND REQUEST FOR ATTORNEYS' FEES [Cal. Code Civ. Proc. §425.16]**<br><br>Date:          December 3, 2014<br>Time:         2:00 p.m.<br>Courtroom: 2<br>Judge:        Hon.William H. Orrick<br><br>Complaint Filed: September 25, 2014 |

**REQUEST FOR JUDICIAL NOTICE**

Defendant James Chanos hereby requests, pursuant to Federal Rule of Evidence 201 and the authority discussed herein, that the Court take judicial notice of the following documents listed below and attached hereto in support of Defendant James Chanos's Special Motion to Strike and Request for Attorneys' Fees:

1. A certified transcript of the audio/video-recorded panel discussion of April 25, 2014, at an annual academic symposium devoted to investigative reporting at the University of California, Berkeley Graduate School of Journalism concerning a PBS Frontline documentary on gambling in Macau, created from the recording of the event which is available at http://fora.tv/2014/04/25/sneak_preview_panel_pbs_frontlines_the_gods_of_gambling, (last accessed Oct. 20, 2014), attached hereto as **Exhibit 1**.

2. A copy of the Statement of James S. Chanos, Kynikos Associates Ltd., before the U.S. House of Representatives' Committee on Energy and Commerce, in the hearing titled *Lessons Learned from Enron's Collapse: Auditing the Accounting Industry*, H. Hrg. 107-83, at 71-78 (Feb. 6, 2002), attached hereto as **Exhibit 2**.

3. A copy of an article from Barron's by Jonathan R. Laing titled "*The Bear that Roared:  How short-seller Jim Chanos helped expose Enron*," dated January 28, 2002, attached hereto as **Exhibit 3**.

4. A copy of an article from the Las Vegas Business Press by Howard Stutz titled "*Top 20 Locals With Influence*," dated September 19, 2011, attached hereto as **Exhibit 4**.

5. A copy of Form 10-K for Wynn Resorts, Limited for 2013, dated February 28, 2014. This document was obtained from the Securities and Exchange Commission's publicly available EDGAR filing system on October 14, 2014, attached hereto as **Exhibit 5**.

6. A copy of a securities filing by Wynn Macau, Limited titled "Disclosure of Unaudited Financial Statements of Wynn Resorts, Limited and Wynn Macau, Limited," dated March 2, 2014.  This document was obtained from the Investor Relations page of http://en.wynnmacaulimited.com on October 14, 2014, attached hereto as **Exhibit 6**.

7. A copy of an article from the Wall Street Journal by Duncan Mavin and Kate O'Keeffe titled "*Wynn Resorts CEO Doubles Down on China Casino Business*," dated May 23, 2011, attached hereto as **Exhibit 7**.

8. A copy of an article from Forbes.com by Nathaniel Parish Flannery titled "*Wynn-sanity: A Power Struggle at Macau Gambling Giant Wynn Resorts Puts Shareholder Value at Risk*," dated March 12, 2012, attached hereto as **Exhibit 8**.

9. A copy of Form 10-K for Wynn Resorts, Limited for 2012, dated March 1, 2013. This document was obtained from the Securities and Exchange Commission's publicly available EDGAR filing system on October 14, 2014, attached hereto as **Exhibit 9**.

10. A copy of an article from The New York Times by Peter J. Henning titled "*War at Wynn Opens a Legal Can of Worms*," dated February 27, 2012, attached hereto as **Exhibit 10**.

11. A copy of an article from the Wall Street Journal by Kate O'Keeffe titled "*In Wynn's Macau Deal, A Web of Political Ties*," dated July 1, 2012, attached hereto as **Exhibit 11**.

12. A copy of the United States of America's Motion to Intervene and For Temporary and Partial Stay of Discovery and For Order Shortening Time, Case No. A-12-656710, District Court, Clark County, Nevada, filed April 8, 2013, attached hereto as **Exhibit 12**.

13. A copy of Chapter 3, Section 3 from the U.S.-China Economic and Security Review Commission's 2013 Report to Congress, dated November 13, 2013, attached hereto as **Exhibit 13**.

14. A copy of an article from the Las Vegas Sun by Steve LeBlanc titled "*Panel: Wynn Resorts Suitable to Open Casino in Massachusetts*," dated December 16, 2013, attached hereto as **Exhibit 14**.

15. A copy of an article from the Investor's Business Daily by James Detar titled "*Macau Corruption Agency Opens Probe of Wynn Resorts*," dated July 11, 2014, attached hereto as **Exhibit 15**.

16. A copy of an article from the Las Vegas Business Press by David Schwartz titled "*When Wynn speaks, gaming listens*," dated May 3, 2010, attached hereto as **Exhibit 16**.

17. A copy of an article from Time Magazine by Joel Stein titled "*The 2006 Time 100*," dated May 8, 2006, attached hereto as **Exhibit 17**.

18. A copy of a transcript of a Fox News broadcast hosted by Greta Van Susteren titled "Casino Developer Steve Wynn Criticizes President," dated October 10, 2012, attached hereto as **Exhibit 18**.

19. A copy of a Wynn Resorts, Limited press release titled "Steve Wynn Honored by Time Magazine's TIME 100 Issue: Article Names Wynn One of the World's Most Influential People," dated May 8, 2006. This document was obtained from the Investor Relations page of http://www.wynnresorts.com on October 13, 2014, attached hereto as **Exhibit 19**.

20. A copy of a Wynn Resorts, Limited press release titled "Wynn Resorts Completes Sale of its Subconcession Right to Publishing and Broadcasting Limited," dated September 11, 2006. This document was obtained from the Investor Relations page of http://www.wynnresorts.com on October 13, 2014, attached hereto as **Exhibit 20**.

21. A copy of a Wynn Resorts, Limited press release titled "Encore at Wynn Macau Opens Today," dated April 21, 2010. This document was obtained from the Investor Relations page of http://www.wynnresorts.com on October 13, 2014, attached hereto as **Exhibit 21**.

22. A copy of a Wynn Resorts, Limited press release titled "Wynn Macau Receives Formal Gazette Approval for Cotai Development From Macau SAR Government," dated May 1, 2012. This document was obtained from the Investor Relations page of http://www.wynnresorts.com on October 13, 2014, attached hereto as **Exhibit 22**.

23. A copy of an article from the Boston Herald by Jack Encarnacao titled "*Steve Wynn rails against US regulatory process, praises Chinese policies*," dated October 2, 2014, attached hereto as **Exhibit 23**.

24. A copy of an article from the Wall Street Journal by Kate O'Keefe titled "*Casinos Get No Quarter--Operators Rebut Regulators' Efforts to Challenge Expansion*," dated October 29, 2013, attached hereto as **Exhibit 24**.

25. A copy of an article from the Boston Herald by David Wedge titled "*Wynn tells board: Butt out of Macau*," dated October 18, 2013, attached hereto as **Exhibit 25**.

26.     A copy of Form 10-K for Wynn Resorts, Limited for 2011, dated February 29, 2012. This document was obtained from the Securities and Exchange Commission's publicly available EDGAR filing system on October 14, 2014, attached hereto as **Exhibit 26**.

27.     A copy of Form 8-K for Wynn Resorts, Limited, dated February 19, 2012, together with its exhibits.  This document was obtained from the Securities and Exchange Commission's publicly available EDGAR filing system on October 14, 2014, attached hereto as **Exhibit 27**.

## MEMORANDUM OF POINTS AND AUTHORITIES

Courts may take judicial notice of facts that are "not subject to reasonable dispute," such as when they can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  The court may take judicial notice of documents on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Koehler v. Litehouse, Inc.*, No. CV 12-04055 SI, 2012 WL 6217635, at *3 (N.D. Cal. Dec. 13, 2012) ("[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.") (citations omitted).  In defamation cases, courts evaluate the context in which the allegedly defamatory statement occurred, and to do so they "must take into account 'all parts of the communication that are ordinarily heard or read with it.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting *Restatement (Second) of Torts* §563 cmt. d (1977)).  The "incorporation by reference" doctrine applies even in cases where the plaintiff does not explicitly allege in her complaint the contents of the document submitted in support of defendant's motion to dismiss.  *See id.* (accepting, in consideration of motion to dismiss, defendants' submission of additional images and text, not explicitly referenced by plaintiffs, from a website hosting allegedly defamatory image); *see also Horsley v. Feldt,* 304 F.3d 1125, 1135 (11th Cir. 2002) (taking into account newspaper article containing allegedly defamatory statement under the "incorporation by reference" doctrine where it was "central" to plaintiff's claim, defendant attached it to the motion for judgment on the pleadings, and plaintiff did not contest its authenticity).

1  The contents of government agency websites "have often been treated as proper subjects for judicial notice." *Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670 (SBA), 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) (citations omitted).  Court have also found it appropriate to take judicial notice of news articles regarding stock or corporate activities. *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("We take judicial notice that the market was aware of the information contained in news articles . . . ") (citation omitted); *see also In re White Elec. Designs Corp. Sec. Litig.*, 416 F. Supp. 2d 754, 760 (D. Ariz. 2006) ("[J]udicial notice is appropriate for SEC filings, press releases, and accounting rules as they are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" (citation and internal quotation marks omitted)).  Courts in the Ninth Circuit also routinely take judicial notice of press releases. *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) (collecting cases).  Courts may also take judicial notice of pleadings and court filings, as they are matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record") (citation omitted); *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice") (citation and internal quotation marks omitted).

Here, the Complaint is premised upon allegations as to the content of Mr. Chanos's statements at an event "[o]n or about April 25, 2014, at Berkley, California."  Comp. ¶12.  Plaintiffs incorporate by reference and characterize Mr. Chanos's alleged statements in the Complaint, but fail to provide the Court with a reference to the full video or a full transcript of the actual statements Mr. Chanos made at that event. *See, e.g*., Compl. ¶¶12-24.  The full video of the event may be accessed at http://fora.tv/2014/04/25/sneak_preview_panel_pbs_frontlines_the_gods_of_gambling.  To assist the Court, we have had a certified transcript prepared of the entire video.  Ex. 1.  The transcript and video should be noticed and considered by the Court in assessing Mr. Chanos's Special Motion to Strike because it provides the actual statements alleged to be defamatory, and also provides the necessary context for understanding the statements and their impact on those

1  hearing them.  *See Knievel*, 393 F.3d at 1076 (accepting documents submitted for context in support
2  of motion to dismiss defamation claim).

3  Plaintiffs' Complaint also included allegations that refer to "readily available information
4  that neither Wynn nor Wynn Resorts had violated the Foreign Corrupt practices Act" that
5  Mr. Chanos allegedly "disregarded and purposefully avoided" in making his allegedly defamatory
6  statement.  Compl. ¶19.  Under Federal Rule of Evidence 201 and the case law cited above, each of
7  the remaining publicly available documents attached as exhibits hereto and cited in Mr. Chanos's
8  Special Motion to Strike (filed concurrently with this Request) is properly subject to judicial notice
9  by this Court as being information on government agency websites (Exs. 2, 5, 9, 13, 26-27), news
10 articles regarding defendants' stock or corporate activities (Exs. 3-4, 7-8, 10-11, 14-18, 23-25),
11 press releases (Exs. 6, 19-22), and/or court filings from another case (Ex. 12).  Accordingly, Mr.
12 Chanos respectfully requests that the Court take judicial notice of the documents attached hereto as
13 Exhibits 1 through 27.

14 Dated:  October 20, 2014                     Respectfully,

15                                              ARNOLD & PORTER LLP

16
17                                              By: */s/ Kenneth G. Hausman*
                                                    KENNETH G. HAUSMAN
                                                    DOUGLAS A. WINTHROP
18                                                  JULIAN Y. WALDO

19                                              Attorneys for Defendant JAMES CHANOS

20

21 Dated:  October 20, 2014                    BOSTWICK LAW

22
23                                              By: */s/ Gary L. Bostwick*
                                                    GARY L BOSTWICK

24                                              Attorneys for Defendant JAMES CHANOS