UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN WYNN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JAMES CHANOS,<br><br>    Defendant. | Case No. 14-cv-04329-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS AND MOTION TO STRIKE AND DENYING PLAINTIFF'S MOTION FOR DISCOVERY**<br><br>Re: Dkt. Nos. 52, 54, 60 |

In an attempt to hold defendant James Chanos liable for slander per se, plaintiffs Stephen Wynn and Wynn Resorts Ltd. (collectively, "Wynn") filed a First Amended Complaint ("FAC") after I dismissed their original complaint without prejudice. The FAC fails to remedy the legal shortcomings of Wynn's original cause of action – namely, that Chanos's statements were not slanderous as a matter of law. Wynn has not pleaded any additional facts that would, if true, alter my prior ruling that Chanos's statements do not constitute slander per se. Accordingly, I GRANT Chanos's motion to dismiss. I also GRANT Chanos's motion to strike under California's anti-SLAPP statute, which is particularly apt in this case. No amount of discovery would help Wynn defeat any element of the motion to strike, and so his pending motion for discovery is DENIED.

**BACKGROUND**

I discussed the factual backdrop of Chanos's comments and Wynn's business in detail in the order issued on December 16, 2014, and will not repeat it here. *See* Order at 1-3 (Dkt. No. 44). After I granted Wynn's complaint with leave to amend, Wynn filed a First Amended Complaint ("FAC"). FAC (Dkt. No. 50). Chanos subsequently filed a second motion to dismiss and motion to strike under California's anti-SLAPP statute. I heard argument on the motions to dismiss and to strike on February 25, 2015.

**LEGAL STANDARD**

**I.  MOTION TO DISMISS**

A motion to dismiss shall be granted where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In reviewing these motions, courts view all of the plaintiff's material facts as true and in the light most favorable to the moving party. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). In order to survive a motion to dismiss, the plaintiffs "must not only establish that [the assertions] about which they complain are reasonably capable of sustaining a defamatory meaning, they must also show that they are not mere comment within the ambit of the First Amendment." *Knievel v. ESPN*, 393 F.3d 1068, 1073-74 (9th Cir. 2005) (internal quotations and citations omitted).

**II.  MOTION TO STRIKE**

California law provides a cause of action for a special motion to strike "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." CAL. CIV. PROC. CODE § 425.16(b)(1). This motion, known as an "anti-SLAPP" motion, "was enacted to provide a procedure for expeditiously resolving nonmeritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issue." *Riese v. County of Del Norte*, No. 12–cv–03723–WHO, 2013 WL 4732603, at *2 (N.D. Cal. Sept. 3, 2013).

Under California's anti-SLAPP statute, a complaint for defamation shall be stricken if it arises from a defendant's speech in connection with a public issue and if the plaintiff cannot establish a probability of prevailing on the merits of the claim. *Troy Group, Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005); CAL. CIV. PROC. CODE § 425.16(b)(1). Courts first look to whether the defendant makes a threshold showing that the activity at issue is protected. *Tilson*, 364 F. Supp. at 1152. If this requirement is satisfied, the plaintiff must then establish a probability of success on its claim for defamation, showing both that the complaint is legally sufficient and that there is a prima facie showing of facts to support its claim. *Id.*

**DISCUSSION**

## I. RULE 56 MOTION FOR DISCOVERY

As an initial matter, I address Wynn's motion pursuant to Rule 56(d) to postpone Chanos's motion on the grounds that more discovery is needed. *See* Dkt. No. 60. Chanos's motion is not a Rule 56 motion for summary judgment, nor should it be treated as such. As discussed in the December 16 order and below, Wynn's slander claim fails as a matter of law and does not turn on any disputed facts. I need look no further than the transcript and video of the symposium to conclude that Chanos's words do not amount to a statement of fact, but rather an opinion that is not actionable. For these reasons, and because I grant Chanos's motion to dismiss, Wynn's argument based upon *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001) is inapposite. *See* Oppo. Mot. Strike 5 (Dkt. No. 58); *see also Z.F. v. Ripon Unified Sch. Dist.*, 482 F. App'x 239, 240 (9th Cir. 2012). Therefore, Wynn's motion for discovery is DENIED because, as shown in Section III below, Chanos's speech was on an issue of public interest and Wynn cannot establish a probability of prevailing on the merits.

## II. MOTION TO DISMISS[1]

The FAC contains substantially more detail than the original complaint, but little in the way of additional facts. Instead, the FAC essentially sets forth Wynn's argument why Chanos's statements are defamatory, including numerous inferences that Wynn wishes this Court to make. On a motion to dismiss, I must address whether it is possible for Chanos's comments to be construed in a defamatory sense. *See Knievel*, 393 F.3d at 1073-74. Nothing in the FAC alters my earlier determination that they cannot.

As the prior order provides, Wynn's cause of action fails on several grounds. First, and as a matter of law, Chanos's statement was not slanderous because it was not a statement of fact that was provably false. Order at 7. Chanos's remarks at the symposium expressed "general uncertainty about the questionable business methods in Macau." *Id.* at 8. The statement "I got a little nervous the deeper we dug into Macau and the more I got concerned that although I was

---

[1] Because I only rely upon the FAC, both parties' requests for judicial notice are DENIED as moot.

3

long, the U.S. casino operators, like Mr. Adelson and Mr. Wynn, I began to really get concerned about the risk I was taking with clients' money under Foreign Corrupt Practices Act and a variety of other, you know, aspects of exactly how business is done there" does not amount to a factual assertion. Tr. 6 (Dkt. No. 50-1). There is no way to prove this view to be false, because the truth of the statement does not turn on a finding that Wynn did or did not violate the Foreign Corrupt Practices Act ("FCPA"). *See* Order at 8.

Second, the order explained that Chanos's assertions were non-actionable opinion. Order at 8. Wynn places great emphasis on Chanos's background as a short seller who profited from his research on Enron. *See* Oppo. Mot. Dismiss 3-8 (Dkt. No. 57); FAC ¶¶ 21-25. That may be so, but those allegations merely underline the fact that Chanos's business strategy involves calculations of a company's future profitability based upon research – such as reading Wynn's publicly filed SEC forms. *See* FAC ¶¶ 62-64, 70-71. As I stated in the prior order, Chanos's work deals in highly educated guesses dealing in probabilities. Order at 10. To hold that an investor's concern over compliance with the FCPA amounted to an assertion that Wynn in fact violated the FCPA would reflect an unreasonable conception of an investor or short seller.

None of the additional allegations in the FAC change the critical fact that Chanos spoke (i) on a panel, with a back-and-forth similar to a debate; (ii) at an academic symposium; and (iii) in explanation of why he short betted in the past. As laid out in the December 16 order, each of these facts undermines the reasonableness of an inference that Chanos implied he knew of specific, undisclosed facts that Wynn violated the FCPA several years prior. *See* Order at 10-11. Even construing all of the allegations relating to the symposium's context (including the video clips) in the light most favorable to Wynn, there is no reasonable possibility that the audience would interpret Chanos's statements in a defamatory manner. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (the suggested inferences in the complaint must be not just possible, but plausible).

More importantly, Wynn's argument, which is heavily based upon the context of Chanos's comments, disregards the plain language of what Chanos said. Wynn argues that Chanos was describing the risk to his clients' money and not the risk of FCPA violations. It claims that therefore, Chanos asserted that the FCPA *was* in fact violated. Even adopting Wynn's

4

interpretation of that statement, the fact remains that Chanos qualified it with assertions that the casino's actions were within the legal limit. *See* Tr. 6 (discussing how companies engage in "legal fraud" and "adhere to every aspect of legal requirements"). Therefore, even if Chanos's first statement could have been construed as defamatory on its own, the overall conversation between Chanos, the moderator, and the other panelists makes clear that no reasonable listener would have inferred that Chanos had uncovered facts tantamount to an FCPA violation. *See* Order at 9. Wynn has not alleged any facts that would negate my earlier conclusion that Chanos's statements were protected opinion as a matter of law.

Lastly, I found that Wynn failed to plead that Chanos acted with malice, because it did not plead any facts that would support a finding that Chanos harbored subjective doubts about the truth of his statements. *Id.* at 11-12. The FAC has not cured this defect. It provides a number of allegations that Chanos was aware of news articles, public filings, and Wynn's denials of FCPA violations. FAC ¶¶ 60-71. Information provided by Wynn itself – "that Kazuo Okada may have committed FCPA violations . . . and that his actions might pose a regulatory risk to the company" – contradicts the FAC's allegations of malice based upon public information. *See* FAC ¶ 70. These facts do not indicate that Chanos knew or subjectively believed his speech to be false. *See Steam Press Holdings, Inc. v. Hawaii Teamsters, Allied Workers Union, Local 996*, 302 F.3d 998, 1004 (9th Cir. 2002).

The FAC alleges that Chanos "fabricated" the idea that Wynn violated the FCPA and that Chanos "had a motive to malign Plaintiffs in that he had a significant financial relationship with an investor who held shares in Plaintiffs' competitor in Macau." *Id.* ¶¶ 66-67. First, Chanos's purported "fabrication" of FCPA violations is impossible given the substantial FCPA investigations into Wynn's Macau operations and Chanos's alleged knowledge of them. *See. id.* ¶¶ 62-71. Second, the "motive to malign" Wynn is not sufficient to make plausible Chanos's subjective malice regarding the truth of his statements. When considered along with the other allegations, especially that Chanos was aware of Wynn's SEC filings that discussed the Okada activities, no reasonable juror could infer that Chanos's opinion was based upon ill-will, rather

than upon reliable market indicators provided by Wynn itself.[2] *See id.* ¶¶ 62-71.

Because Chanos's comments were not slander per se, I GRANT Chanos's motion to dismiss with prejudice.[3]

### III. MOTION TO STRIKE

In order to prevail on an anti-SLAPP action, Chanos must first show that the speech at issue arises from a protected activity. *Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005). Under the anti-SLAPP statute, Chanos must demonstrate that his speech falls within one of the protected categories set forth in California Code of Civil Procedure § 425.16(e).

Chanos contends that his speech involves the right of free speech in connection with a public issue or an issue of public interest. CAL. CIV. PROC. CODE § 425.16(e)(4); Mot. Strike 9-10 (Dkt. No. 52). Wynn does not assert otherwise. Courts have found that "the conduct of a publicly traded corporation, including the legitimacy of corporate actions," either impacts a broad segment of society or affects a community in a manner similar to that of a government entity, and necessarily concern the public under Section 425.16(e)(4). *Tilson*, 364 F. Supp. at 1153; *see also Global Telemedia Intern., Inc. v. Doe 1*, 132 F. Supp. 2d 1261, 1265 (C.D. Cal. 2001) ("a publicly traded company with many thousands of investors is of public interest because its successes or failures will affect not only individual investors, but in the case of large companies, potentially market sectors or the markets as a whole").

Here, Chanos spoke at an investigatory journalism symposium about corruption and the Chinese economy. He also discussed the conduct of Wynn, which is a publicly traded corporation. As in *Tilson*, Chanos's speech clearly impacts a broad segment of society, and falls within the purview of California Code of Civil Procedure § 425.16(e)(4).

Because I GRANT Chanos's motion to dismiss, Wynn is unable to establish a probability of prevailing on the merits. *See Xu v. Yamanaka*, No. 13-CV-3240 YGR, 2014 WL 342271, at *4

---

[2] Wynn's argument that it requires discovery on the issue of actual malice is unpersuasive because it did not adequately plead actual malice in the first instance, and because its defamation claim fails for other reasons.

[3] As in the prior order, I need not address the issue of whether Chanos's statements are privileged under California law. *See* Order at 14.

1 (N.D. Cal. Jan. 30, 2014) ("If Plaintiffs cannot plead a plausible cause of action under the FRCP 12(b)(6) standard, then Plaintiffs as a matter of law cannot meet the probability of success on the merits standard."); *see also Robinson v. Alameda Cnty.*, 875 F. Supp. 2d 1029, 1050 (N.D. Cal. 2012). Accordingly, I GRANT Chanos's motion to strike.

## CONCLUSION

For the above reasons, I GRANT Chanos's motion to dismiss with prejudice. I also GRANT the motion to strike and DENY the motion for discovery. Chanos shall submit papers establishing attorney's fees and costs pursuant California Code of Civil Procedure § 425.16(c) on or before March 23, 2015.

**IT IS SO ORDERED**.

Dated: March 3, 2015



WILLIAM H. ORRICK
United States District Judge